**NOT FOR PUBLICATION**

**UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY**

| | | |
|---|---|---|
| J.T., | : | **Civil Action No. 20-553 (SRC)** |
| Plaintiff, | : | |
| v. | : | **OPINION** |
| COMMISSIONER OF SOCIAL SECURITY, | : | |
| Defendant. | : | |

**CHESLER, District Judge**

This matter comes before the Court on the appeal by Plaintiff J.T. ("Plaintiff") of the final decision of the Commissioner of Social Security ("Commissioner") determining that he was not disabled under the Social Security Act (the "Act"). This Court exercises jurisdiction pursuant to 42 U.S.C. § 405(g) and, having considered the submissions of the parties without oral argument, pursuant to L. Civ. R. 9.1(b), finds that the Commissioner's decision will be affirmed.

In brief, this appeal arises from Plaintiff's application for disability insurance benefits, alleging disability beginning December 2, 2011. A hearing was held before ALJ Beth Shillin (the "ALJ") on March 19, 2019, and the ALJ issued a partially favorable decision on September 17, 2019. Plaintiff sought review of the decision from the Appeals Council. After the Appeals Council denied Plaintiff's request for review, the ALJ's decision became the Commissioner's final decision, and Plaintiff filed this appeal.

1

The decision of September 17, 2019 was partially favorable, and found Plaintiff disabled as of July 29, 2013; the favorable part of the decision is not presently at issue. At issue is the unfavorable decision concerning the period from December 2, 2011 through July 28, 2013. As to the period at issue, in the decision of September 17, 2019, the ALJ found that, at step two, one of Plaintiff's severe impairments was poly-substance abuse. At step three, the ALJ found that Plaintiff met the requirements of Listing 12.03. The ALJ then considered the impact of Plaintiff's substance abuse, and found that, if Plaintiff stopped the substance abuse, he would not meet the requirements of any Listing. The ALJ found that, if Plaintiff maintained both sobriety and medication compliance during the period at issue, he would have the ability to perform unskilled work. The ALJ concluded that Plaintiff had not been disabled within the meaning of the Act during the period at issue.

On appeal, Plaintiff argues that, as to the period at issue, the Commissioner's decision should be reversed and the case remanded on the ground that the Commissioner failed to sustain his burden of proof. Plaintiff primarily argues that the Commissioner failed to sustain his burden of proof in finding that substance abuse was a contributing material factor in the disability determination. The parties agree that the controlling authority on this issue is SSR 13-2p, "Evaluating Cases Involving Drug Addiction and Alcoholism (DAA)." SSR 13-2p establishes policy related to 42 U.S.C. § 1382c(a)(3)(J), which states, in relevant part:

> [A]n individual shall not be considered to be disabled for purposes of this title if alcoholism or drug addiction would (but for this subparagraph) be a contributing factor material to the Commissioner's determination that the individual is disabled.

The ALJ had determined that Plaintiff met all the requirements of Listing 12.03 for the period at issue, and then considered whether alcoholism or drug addiction was a contributing factor

2

material to that determination. The ALJ concluded that, in the period at issue, had Plaintiff "stopped the substance use," he would not have met the requirements of Listing 12.03. (Tr. 793.) The parties do not dispute that this was equivalent to finding that alcoholism or drug addiction was a contributing factor material to the disability determination, thus precluding a finding of disability, pursuant to SSR 13-2p and 42 U.S.C. § 1382c(a)(3)(J). Thus, although the ALJ did not use the phrase, "a contributing material factor," this is the essential principle underlying the conclusion that, despite meeting the requirements of Listing 12.03, Plaintiff was not disabled during the period at issue.

Plaintiff's contention that the Commissioner bears the burden of proof that substance abuse is a contributing material factor is contradicted by these express statements in SSR 13-2p:

> 5. How do we determine materiality?
>
> a. Burden of Proof. The claimant has the burden of proving disability throughout the sequential evaluation process. Our only burden is limited to producing evidence that work the claimant can do exists in the national economy at step 5 of the sequential evaluation process. See 20 CFR 404.1512, 404.1560, 416.912, and 416.960. When we apply the steps of the sequential evaluation a second time to determine whether the claimant would be disabled if he or she were not using drugs or alcohol, it is our longstanding policy that the claimant continues to have the burden of proving disability throughout the DAA materiality analysis.

The Commissioner cannot be found to have failed to carry a burden of proof that SSR 13-2p does not place on him. As will be discussed further, while SSR 13-2p does impose rules and requirements on the ALJ as to the materiality analysis, describing them as a burden of proof only confuses matters.

Plaintiff's brief next comments on differences between a preceding ALJ opinion, from 2016, and the present one. This Court lacks authority to consider an opinion from earlier in the history of claimant's claim. The authorizing statute states:

3

>Any individual, after any final decision of the Commissioner of Social Security made after a hearing to which he was a party, irrespective of the amount in controversy, may obtain a review of such decision by a civil action . . .

42 U.S.C.S. § 405(g). The statute authorizes this Court to review only the final decision of the Commissioner, which is based on the ALJ's decision dated September 17, 2019. Judicial review is limited to this final decision. To the extend that Plaintiff contends that he meets the requirements for an impairment involving degenerative disk disease, directly or through medical equivalence, he could have mustered the evidence and made the argument, but he did not do so.

Plaintiff's brief next addresses an issue identified as "the crux of the denial of benefits between December 2, 2011 and June 29, 2013."[1] (Pl.'s Br. 24.) Plaintiff summarizes the elements of the ALJ's reasoning: 1) the step three finding that Plaintiff meets the requirements of Listing 12.03 for the period at issue; and 2) the contributing material factor determination, based on the evidence of record, including the expert testimony of Dr. Martinez. Plaintiff then quotes parts of SSR 13-2p out of context. What follows is how the quoted section of SSR 13-2p reads without the omissions in Plaintiff's version:

>6. What do we do if the claimant's other physical impairment(s) improve in the absence of DAA?
>. . .
>c. We expect some physical impairments to improve with abstinence from drugs or alcohol.
>. . .
>>v. Adjudicators should generally not rely on a medical opinion to find that DAA is material if the case record contains credible evidence from an acceptable medical source from a relevant period of abstinence indicating that the impairment(s) would still be disabling in the absence of DAA. In cases in which it is appropriate to rely on a medical opinion to find that DAA is material despite evidence indicating the impairment(s) may not improve, adjudicators must provide an appropriate rationale to resolve the

---

[1] The date of June 29, 2013 is incorrect. Presumably, Plaintiff meant July 28, 2013.

4

> apparent conflict in the evidence.
>
> d. We will find that DAA is not material to the determination of disability and allow the claim if the record is fully developed and the evidence (including medical opinion evidence) does not establish that the claimant's physical impairment(s) would improve to the point of nondisability in the absence of DAA.
>
> 7. What do we do if the claimant's co-occurring mental disorder(s) improve in the absence of DAA?
>
> a. Many people with DAA have co-occurring mental disorders; that is, a mental disorder(s) diagnosed by an acceptable medical source in addition to their DAA. We do not know of any research data that we can use to predict reliably that any given claimant's co-occurring mental disorder would improve, or the extent to which it would improve, if the claimant were to stop using drugs or alcohol.
>
> b. To support a finding that DAA is material, we must have evidence in the case record that establishes that a claimant with a co-occurring mental disorder(s) would not be disabled in the absence of DAA. Unlike cases involving physical impairments, we do not permit adjudicators to rely exclusively on medical expertise and the nature of a claimant's mental disorder.
>
> c. We may purchase a CE in a case involving a co-occurring mental disorder(s). We will purchase CEs primarily to help establish whether a claimant who has no treating source records has a mental disorder(s) in addition to DAA. See Question 8. We will provide a copy of this evidence, or a summary, to the CE provider.
>
> d. We will find that DAA is not material to the determination of disability and allow the claim if the record is fully developed and the evidence does not establish that the claimant's co-occurring mental disorder(s) would improve to the point of nondisability in the absence of DAA.

Plaintiff contends that something in this section places the burden of proof of contributing material factor on the Commissioner. Plaintiff does not explain his reasoning, and this Court sees no way in which the text above supports Plaintiff's view. As already explained, SSR 13-2p expressly states that Plaintiff bears the burden of proof of disability except at step five.

Nonetheless, the quoted sections six and seven state rules and requirements with regard to the determination of whether DAA is material to the determination of disability. Section six,

5

dealing with physical disorders, is not at issue in this case, but section seven directly addresses the issue at the heart of Plaintiff's challenge, the determination of the materiality of DAA in cases in which there is a co-occurring mental disorder. In short, Plaintiff argues that the evidentiary requirements of section seven were not met.

Subsection (d) of section seven, though phrased in the negative, essentially states a requirement of evidence that "the claimant's co-occurring mental disorder(s) would improve to the point of nondisability in the absence of DAA" to support a finding that DAA is material to the disability determination. Pages 17 and 18 of the Commissioner's opposition brief point out that evidence in detail, and all of it appears in greater detail in the ALJ's decision on pages 799 through 801. Plaintiff has not challenged any of that evidence, which shows, in brief, that: 1) in March of 2013, Plaintiff presented with hallucinations and delusions and admitted to abusing OxyContin (Tr. 799); 2) treatment records for approximately the next five months show that, with sobriety and treatment, Plaintiff reported very substantial improvement in these symptoms (Tr. 800-801.) The evidence of record thus supports the conclusion that the claimant's co-occurring mental disorder improved very substantially in the absence of DAA. The mental health expert who testified at the hearing, Dr. Martinez, testified that the evidence of record supported this conclusion. This constitutes substantial evidence to support the determination that, in 2013, during the period at issue, the claimant's co-occurring mental disorder improved to the point of nondisability in the absence of DAA., as required by section seven.

Similarly, subsection (b) of section seven states this clear requirement: "To support a finding that DAA is material, we must have evidence in the case record that establishes that a claimant with a co-occurring mental disorder(s) would not be disabled in the absence of DAA."

This Court finds that the ALJ pointed to evidence in the case record that supports a finding that Plaintiff would not be disabled in the absence of his substance abuse during the period at issue, which supports the finding that DAA is material under SSR 13-2p.

The Court has reviewed the Commissioner's determination and finds that it is supported by substantial evidence.  This Court finds that the Commissioner's decision is supported by substantial evidence and is affirmed.

      s/ Stanley R. Chesler
STANLEY R. CHESLER, U.S.D.J.

Dated: January 24, 2022